UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
SANDRA ANDERSON PROWLEY,                       :
                                               :
                   Plaintiff,                  :      1:05 CV. 981 (KTD)
                                               :
      -against-                                :      MEMORANDUM & ORDER
                                               :
HEMAR INSURANCE CORPORATION OF AMERICA,  :
GENERAL REVENUE CORPORATION, and               :
SALLIE MAE SERVICING CORPORATION,              :
                                               :
                   Defendants.                 :
                                               :
-----------------------------------------X

KEVIN THOMAS DUFFY, U.S.D.J.:

      Defendants Hemar Insurance Corporation of America, General

Revenue Corporation, and Sallie Mae Servicing Corporation

(collectively, the "Defendants") bring this motion pursuant to

Rule 12(c) of the Federal Rules of Civil Procedure for judgment

on the pleadings on Counts Two, Three, Four, Five, Six and Seven

of the amended complaint and for leave to serve an amended

answer with counterclaim.  Defendants do not move to dismiss

Count One of the amended complaint.  Plaintiff Sandra Anderson

Prowley, Esq. ("Prowley"), proceeding pro se, requests leave to

file a second amended complaint and a motion to compel discovery

pursuant to Rule 37 of the Federal Rules of Civil Procedure.

      For the following reasons, Defendants' motion for judgment

on the pleadings is GRANTED as to Counts Three, Four, Five, Six,

and Seven; Defendants' request for leave to serve an amended

answer with counterclaim is GRANTED; Prowley's request for leave
to serve a second amended complaint is DENIED; and Prowley's
motion to compel discovery is DENIED.

## I.   FACTUAL BACKGROUND[1]

Prowley attended Touro Law School between 1990 and 1993.
There is no dispute that Prowley applied for and accepted
certain law school loans to cover tuition and expenses in the
following principal amounts: $9,950.00 on January 25, 1991;
$8,730.00 on August 23, 1991; and $8,650.00 on November 2, 1992.
Additionally, there is no dispute that promissory notes were
executed for the loans borrowed by Prowley.

EduServ initially serviced Prowley's loans.[2]  However, on
January 15, 1998, Sallie Mae Servicing Corporation sent a letter
to Prowley, notifying her that certain loans had been
transferred from EduServ to Sallie Mae Servicing Corporation.
Nonetheless, the letter notified Prowley that her loans "will
continue to be owned by Sallie Mae."

In August 2001, Prowley defaulted on her loans "due to
insufficient payments," and her student loans were transferred

---

[1]     The facts set forth in the amended complaint are assumed to be true for
purposes of this motion.  Additional facts are drawn from the exhibits
attached to the amended complaint and other pleadings.  See ATSI Commc'ns,
Inc. v. Shaar Fund, Ltd., 493 F.3d 87. 98 (2d Cir. 2002); Chambers v. Time
Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

[2]     A loan servicer is an entity that collects, monitors, and reports
payments on a loan; processes deferments and forbearances; responds to
borrower inquiries; and performs other administrative tasks associated with
maintaining a loan portfolio. See http://en.wikipedia.org/wiki/Loan_servicer.

to Hemar Insurance Corporation of America ("Hemar"), the guarantor of Prowley's loans.  On October 4, 2003, Hemar sent a letter to Prowley, notifying her that it had made numerous attempts to contact her regarding her defaulted loans. According to the letter, the total amount due, including interest, under the three defaulted loans as of October 4, 2003 was $23,645.90, $21,511.08, and $18,691.01.  (See Amended Complaint ("Amend. Compl."), Ex. B).

On November 20, 2003, General Revenue Corporation ("GRC") sent a letter to Prowley notifying her that Hemar had referred her account to GRC, a debt collection agency, for collection. According to this letter, as of November 20, 2003, the amount due under the three loans sent to collection was $29,921.93, $27,219.97, and $23,652.70.  (See Amend. Compl., Ex. C).  The letter stated that GRC would assume the debt was valid unless Prowley notified GRC within thirty days after receipt of the notice that she disputed its validity.

On July 25, 2004, eight months from the date of GRC's letter, Prowley sent a letter to GRC disputing the amount of the loans.  According to Prowley's letter, she does not owe GRC $100,251.26.  (See Amend. Compl., Ex. D).

As described in Defendants' Affidavit in Support of their Motion for Judgment on the Pleadings, during the life of the loans, Prowley requested and was granted 46 months of

3

forbearance.  Additionally, when Prowley filed for Chapter 7
bankruptcy, even though her student loans were not
dischargeable, an administrative forbearance was placed on the
account.  As of August 11, 2009, Prowley's student loans were
282 days delinquent.

During periods of forbearance, Prowley was not required to
make payments; however, the unpaid interest continued to be
capitalized (i.e., added to the principal balance).  Generally,
any unsatisfied post-petition interest is capitalized when a
loan is placed back into repayment status; thus, Prowley is
indebted to Hemar in the amount of $100,251.26.  (See Amend.
Compl., Ex. F).

## II.  PROCEDURAL HISTORY

On December 27, 2004 (prior to the commencement of this
action), Hemar commenced a lawsuit against Prowley in the
Supreme Court of the State of New York, Bronx County, to recover
unpaid monies in the amount of $100,251.26 owed by Prowley on
her student loans.  Prowley commenced the current action pro se
in January 2005, which resulted in a stay of the state court
action pending a resolution of this action.

On February 1, 2005, Prowley filed an amended complaint for
damages and declaratory and injunctive relief, asserting causes
of action for alleged violations of the Fair Debt Collection
Practices Act ("FDCPA"), NY General Business Law, and other

4

various banking regulations.  On or about April 25, 2005,
Defendants filed an answer to Prowley's amended complaint.

After several years of inactivity, on or about November 23,
2009, Defendants filed the instant motion for judgment on the
pleadings pursuant to Rule 12(c) of the Federal Rules of Civil
Procedure for dismissal of Counts Two through Seven of the
amended complaint.  Defendants do not move to dismiss Count One
of the amended complaint.  Defendants assert that Prowley's
allegations contain nothing more than conclusory statements and
do not contain facts sufficient to state a cause of action
against Defendants.  Moreover, Defendants request leave to serve
an amended answer with counterclaim.

On January 5, 2010, Prowley filed her opposition to
Defendants' motion for judgment on the pleadings.  Prowley
asserts that Defendants' motion must be denied, because
Defendants did not attach as an exhibit to their motion the
specific promissory notes signed by Prowley at the time she
received her student loans.  In the alternative, Prowley
requests leave to file a second amended complaint.  Lastly,
Prowley filed a motion to compel discovery pursuant to Rule 37
of the Federal Rules of Civil Procedure.

On January 12, 2010, Defendants filed their reply in
support of their motion for judgment on the pleadings and an
opposition to Prowley's motion to compel discovery.  On January

14, 2010, Prowley filed a sur-reply to Defendants' motion and a reply to her motion to compel discovery.

## III. DISCUSSION

### A.   Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  A motion for judgment on the pleadings is governed by the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006).  The granting of a motion for judgment on the pleadings is appropriate only if, with all reasonable inferences drawn in favor of the non-moving party, the non-moving party has failed to allege facts that would give rise to a plausible claim or defense.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In order to defeat the motion, a plaintiff must provide more than legal conclusions or a formulaic recitation of the elements of a cause of action; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  If the plaintiff is proceeding pro se, however, the court is required to construe

the submission liberally, "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

I consider Counts Two through Seven of the amended complaint below.

### 1. *Count Two - Statute of Limitations*

Count Two in Prowley's amended complaint is a claim for Statute of Limitations. Prowley alleges that, pursuant to General Obligation Law C.P.L.R. § 213(2), the six-year statute of limitations for Defendants to collect her outstanding student loans - $9,950.00 borrowed on January 25, 1991; $8,730.00 borrowed on August 23, 1991; and $8,650.00 borrowed on November 2, 1992 - has expired.

The pleadings and accompanying exhibits do not clearly indicate whether Prowley's student loans are federally-insured or private. Federal law has eliminated all time limitations regarding actions to recover such outstanding educational loans. See 20 U.S.C. § 1091 a(a)(1) ("It is the purpose of this subsection to ensure that obligations to repay loans ... are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced."). Moreover, if Prowley's loans are not federally-insured, it remains unclear whether Prowley made any payments within six years of the commencement of the

instant action on February 1, 2005, thereby extending the statute of limitations.  See Skaneateles Sav. Bank v. Modi Assocs., 239 A.D.2d 40, 42, 668 N.Y.S.2d 819 (N.Y. App. Div. 1998) (noting that a debtor's partial payment of either principal or interest renews the statute of limitations and starts the six-year period running anew).

In view of the foregoing, Count Two, Prowley's assertion of statute of limitations, cannot be determined on the record before me.

### 2. *Count Three - Usury*

Next, Prowley brings a claim against Defendants for usury. Under New York law, a transaction is civilly usurious only when it imposes an annual interest rate exceeding 16% per annum. N.Y. Gen. Oblig. Law § 5-501 (McKinney 2009); N.Y. Banking Law § 14-a (McKinney 2009); Roswell Capital Partners LLC v. Alternative Constr. Tech., 08 Civ. 10647, 2009 WL 222348, at *15 (S.D.N.Y. Jan. 30, 2009).  By statute, a usurious loan is void and unenforceable, and the borrower is relieved from the obligation to repay both the principal and any accrued interest. See N.Y. Gen. Oblig. Law § 5-511 (McKinney 2009); Seidel v. 18 E. 17th St. Owners, 79 N.Y.2d 735, 740 (1992).

Moreover, New York usury laws do not apply to defaulted obligations.  See Manfra, Tordella & Brookes, Inc. v. Bunge, 794 F.2d 61, 63 n. 3 (2d Cir. 1986) ("[T]he usury laws do not apply

to defaulted obligations."); Bristol Inv. Fund, Inc. v. Carnegie
Int'l Corp., 310 F. Supp. 2d 556, 562 (S.D.N.Y. 2003); In re
Integrated Res., Inc. Real Estate Ltd. P'ship Sec. Litig., 851
F. Supp. 556, 565 (S.D.N.Y. 1994) ("Any penalty interest rates
or late fees assessed against the Plaintiffs do not constitute
usury, since New York's usury statutes do not apply to defaulted
obligations.").

Here, Prowley makes a conclusory allegation that Defendants
"transferred [her] student loans amongst themselves and computed
interest above and beyond the legal interest rate" but does not
actually identify the specific interest rates assessed by
Defendants.  The only information available to this court
regarding the specific interest rates is located in Exhibit A of
the amended complaint.  This letter, dated January 15, 1998,
identified the interest rate of each of Prowley's student loans
at issue as 8.750%, which is clearly below 16%.  Prowley has
failed to provide any facts that would give rise to a plausible
claim of civil usury.  See Freitas v. Geddes Sav. and Loan
Ass'n, 63 N.Y.2d 254, 261 (1984) ("Clear and convincing
evidence, of an act unequivocally exacting a rate of interest in
excess of that allowed by law, places a transaction within the
plain intent of the usury statute.").  Accordingly, Count Three
is dismissed.

3.  *Count Four- Clean Hands and Good Faith Creditor*

Prowley also brings a claim against Defendants for "clean hands and good faith creditor" (generally known as "unclean hands") in connection with a prior class action lawsuit filed in the State of Florida against Sallie Mae.

To sustain an "unclean hands" defense, a defendant must show that the plaintiff has engaged in "inequitable conduct or bad faith where the misconduct has a material relation to the equitable relief that plaintiff seeks." Laugh Factory Inc. v. Basciano, 608 F. Supp. 2d 549, 560 (S.D.N.Y. 2009).

Here, Prowley fails to allege how the prior Florida action is in any way related to the instant action or how the Florida action impacts Prowley's obligation to pay the outstanding loans at issue.  In fact, Prowley's allegations in Count Four and accompanying exhibit are clearly irrelevant to the case at hand. Prior settlement agreements, no matter how similar the litigation, are irrelevant to this case or the facts giving rise thereto.  See Correction Officers Benevolent Ass'n of Rockland County v. Kralik, 226 F.R.D. 175, 177 (S.D.N.Y. 2005). Accordingly, I find that Count Four does not allege facts that would give rise to a plausible claim or defense and must be dismissed.  See Iqbal, 129 S.Ct. at 1949.

4.   *Count Five- New York General Business Law § 349*

Prowley alleges that Defendants violated New York State's

Deceptive Practices Act, which provides that "[d]eceptive acts

or practices in the conduct of any business, trade or commerce

or in furnishing of any service in this state are hereby

declared unlawful."  N.Y. Gen. Bus. Law § 349.

In order to state a claim under New York General Business

Law § 349, Prowley must allege: "(1) the act or practice was

consumer-oriented; (2) the act or practice was misleading in a

material respect; and (3) the plaintiff was injured as a

result."  Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir.

2009) (citation omitted).  "Section 349 is directed at wrongs

against the consuming public.... Thus, as a threshold matter,

plaintiffs claiming the benefit of section 349 - whether

individuals or entities . . . - must charge conduct of the

defendant that is consumer-oriented."  Oswego Laborers' Local

214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25

(1995).  Once a plaintiff has established that an act is

consumer-oriented, the plaintiff must show that "defendant is

engaging in an act or practice that is deceptive or misleading

in a material way and that plaintiff has been injured by reason

thereof."  Id. at 25-26 (citations omitted).

Here, Prowley alleges that Defendants violated § 349 by

failing to notify her that if she borrowed $9,950.00 on January

11

25, 1991; $8,730.00 on August 23, 1991; and $8,650.00 on

November 2, 1992, she would owe $100,251.26.   Defendants contend

that Prowley has failed to allege why their attempt to collect

upon valid and enforceable promissory notes constitutes a

violation of § 349.   Defendants further argue that if the fraud

allegations fail to state a claim with particularity, Prowley's

claim pursuant to the Deceptive Practices Act must also fail.

The Second Circuit has held that a violation of § 349 does

not require proof of the same elements as common law fraud, and

thus "an action under § 349 is not subject to the pleading-with-

particularity requirements of Rule 9(b)."   Pelman v. McDonald's

Corp., 396 F.3d 508, 511 (2d Cir. 2005)

Nonetheless, in the case at bar, Prowley sets forth case

law addressing § 349 but asserts nothing more than conclusory

factual allegations.   Prowley does not allege that Defendants'

conduct was directed at consumers at large.   This litigation

does not give rise to anything other than a private dispute

lacking allegations of any wrongs directed against the consuming

public.   Further, the amended complaint is deficient in failing

to allege any specific act by Defendants that was misleading,

let alone misleading in a material way.

In the absence of such allegations, a cause of action under

§ 349 cannot stand. See Shovak v. Long Island Commercial Bank,

50 A.D.3d 1118, 858 N.Y.S.2d 660, 662-63 (2d Dep't 2008)

(dismissing a § 349 claim).  Accordingly, Prowley's § 349 claim must be dismissed.

     5.   *Count Six - Truth-In-Lending Act, Regulation Z*

    Prowley also brings a claim against Defendants for violation of the Truth-In-Lending Act ("TILA") and Regulation Z. Specifically, she alleges that Defendants failed to disclose at the time she borrowed the student loan money that "there would be a balloon payment above and beyond what I owe;" that her loans would be transferred without her consent; that the interest rate would be "usurious;" and that Defendants did not check to determine if Prowley could pay back the loans prior to giving her the money.

    TILA is a disclosure statute that requires that the credit terms and the fees charged for the extension of credit are properly disclosed.  See 15 U.S.C. § 1637(a).  The purpose of TILA is to assure "meaningful disclosure of credit terms to consumers."  See Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559 (1980) (citing 15 U.S.C. § 1601) (internal quotations omitted).  Failure to make a required disclosure and satisfy TILA may subject a lender to statutory and actual damages that are traceable to the lender's failure.  Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998).

    Chapter 15 of the United States Code § 1640(e) requires that any action for a violation of TILA be brought "within one

year from the date of the occurrence of the violation." See Van

Pier v. Long Island Sav. Bank, F.S.B., 20 F. Supp. 2d 535, 536

(S.D.N.Y. 1998). Prowley's asserted claims are based on alleged

conduct that occurred in 1991, 1992, 1998 and 2003. She filed

this action on February 1, 2005. Therefore, any hypothetical

claim she may have stated is banned by the applicable statute of

limitations and must be dismissed. See 15 U.S.C. § 1640(e); Van

Pier, 20 F. Supp. 2d at 536.[3]

### 6.  Count Seven - Defamation of Character

Lastly, Prowley brings a claim against Defendants for

defamation of character. In order to establish a defamation

claim under New York law, a claimant must allege: (1) a

defamatory statement of fact, (2) that is false, (3) published

to a third party, (4) of and concerning the plaintiff, (5) made

with the applicable level of fault on the part of the speaker,

(6) either causing special damages or constituting defamation

per se, and (7) not protected by privilege. Ello v. Singh, 531

F. Supp. 2d 552, 575 (S.D.N.Y. 2007). While the defamation need

not be pled verbatim, "a pleading is only sufficient if it

adequately identifies the purported communication, and an

---

[3]     Defendants argue that Prowley's TILA claim fails to set forth with
specificity the basis of the allegations in this count. However, Defendants'
argument is misplaced on a motion to dismiss as claims for a violation of
TILA are not subject to a heightened pleading standard, and thus the
specificity that Defendants argue is lacking is not required. See generally
Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (reaffirming that Rule
8(a)'s notice pleading standard applies to all civil actions, except for
those explicitly referred to in the Federal Rules of Civil Procedure).

14

indication of who made the communication, when it was made, and to whom it was communicated." Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 849 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). "The central concern is that the complaint afford defendant sufficient notice of the communications complained of to enable him to defend himself." Id. (internal quotation marks and citations omitted). Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim. Id.; see also Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 271 (2d Cir. 1999).

Prowley makes two allegations of defamation against Defendants. First, Prowley alleges Defendants defamed her when they filed a lawsuit against her in Bronx County Supreme Court, where she works, under the name "Prowley," rather than "Anderson," which was the name she used when she borrowed her student loans.

"Under New York law, in the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." O'Brien v. Alexander, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) (internal quotation marks and citation omitted). "An action for libel or defamation will only lie where the statement is 'so obviously [not pertinent]... and

15

so needlessly defamatory as to warrant the inference of express malice.'" First Indemnity of Am. Ins. Co. v. Shinas, No. 03-CV-6634, 2009 WL 3154282, at *11 (S.D.N.Y. Sept. 30, 2009) (quoting Martirano v. Frost, 25 N.Y.2d 505, 508, 255 N.E.2d 693, 694, 307 N.Y.S.2d 425, 427 (1969)).  The test for pertinency is "extremely broad," O'Brien, 898 F. Supp. at 171, and "embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." Grasso v. Mathew, 164 A.D.2d 476, 479, 564 N.Y.S.2d 576, 578 (3d Dep't 1991). "Pertinence is properly determinable on a motion to dismiss addressed to the pleadings and documentary evidence alone." Sexter & Warmflash, P.C. v. Margrabe, 38 A.D.3d 163, 173-74, 828 N.Y.S.2d 315, 324 (1st Dep't 2007) (internal quotation marks and citation omitted).

Here, the Complaint filed by Defendants is "material and pertinent" to the Bronx County proceedings and falls within the broad standard for "pertinency to litigation," as it relates to Defendants' claim against Prowley to recover the unpaid monies owed by Prowley on her defaulted student loans.  See id. Moreover, Defendants brought suit against "Prowley," rather than "Anderson," because "Prowley" is now her legal name.  Therefore, I find that the statements in Defendants' Complaint filed in

16

Bronx County against Prowley are absolutely privileged against a claim of defamation.

Second, Prowley alleges that Defendants reported her name to several credit bureaus stating that she owes between $60,000 and $100,000. Even under the liberal pleading standard of Rule 8, Prowley's allegations fail to state a valid claim for defamation, as courts in this circuit have required that the complaint adequately identify the allegedly defamatory statements; the person who made the statements; the time when the statements were made; and the third parties to whom the statements were published. See Scholastic, 124 F. Supp. 2d at 849. Here, Prowley does not clearly specify which of the three defendants made the allegedly defamatory statements about her to the credit bureaus. Further, Prowley does not identify when Defendants made these statements or to which credit bureaus they were made. Accordingly, Prowley's defamation claim must be dismissed.

**B.   Parties' Requests for Leave to File Amended Pleadings**

Prowley seeks leave to file a second amended complaint, and Defendants seek leave to file an amended answer with counterclaim.

1.   *Legal Standard*

Under the Federal Rules of Civil Procedure, a "court should freely give leave [to amend] when justice so requires." FED. R.

17

CIV. P. 15(a)(2).  A pro se plaintiff's complaint must be read

liberally and interpreted as raising the strongest arguments it

suggests.  See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir.

2004); Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997)

(noting pro se complaints are liberally construed and held to

less stringent standards than formal pleadings drafted by

lawyers).  But "motions to amend generally should be denied in

instances of futility, undue delay, bad faith or dilatory

motive, repeated failure to cure deficiencies by amendments

previously allowed, or undue prejudice to the non-moving party."

Burch v. Pioneer Credit Recovery Inc., 551 F.3d 122, 126 (2d

Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

And although

> [d]elay in seeking leave to amend a pleading
> is generally not, in and of itself, a reason
> to deny a motion to amend . . . [,] the Court
> may deny a motion to amend when the movant
> knew or should have known of the facts upon
> which the amendment is based when the
> original pleading was filed, particularly
> when the movant offers no excuse for the
> delay . . . ."

Frenkel v. New York City Off-Track Betting Corp., 611 F. Supp.

2d 391, 394 (S.D.N.Y. 2009) (internal quotation marks and

citations omitted).

    In any event, "[p]rejudice to the opposing party if the

motion is granted has been described as the most important

reason for denying a motion to amend."  Id. (citations omitted).

18

To determine whether an amendment, if allowed, would cause "undue prejudice" to the opposing party, courts of this circuit consider a host of factors, including "whether the assertion of the new claim[s] would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . . ." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Both unreasonable delay and undue prejudice to Defendants shape my decision to deny Plaintiffs' present motion. However, I grant Defendants' request for leave to file an amended answer with counterclaim, as the state court action filed against Prowley in December 2004 put Prowley on notice of Defendants' claims against her.

> 2. *Prowley's Request for Leave to File a Second Amended Complaint*

While leave to amend should be granted "freely . . . when justice so requires," FED. R. CIV. P. 15(a), I have discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties . . . or where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal quotation marks and citations omitted).

19

Here, Prowley is not a typical pro se litigant. She is a licensed attorney. Moreover, Prowley was granted leave to amend her complaint back in 2005. After Prowley filed her amended complaint, this action lay dormant for over four years, causing me to even consider whether she had abandoned the case. Now, Prowley seeks leave to amend her complaint a second time without offering any reason for the unnecessary delay in the proceedings. Further, any additional facts Prowley may add to the complaint should have been known by Prowley at the time she filed her original complaint. See Frenkel, 611 F. Supp. 2d at 394.

Defendants would suffer undue prejudice in the form of both an expenditure of additional resources and further delay, see Block, 988 F.2d at 350, should I grant Prowley's leave to amend her complaint for a second time. Consequently, Prowley's request for leave to file a second amended complaint is denied.

### 3. Defendants' Request for Leave to File an Amended Answer with Counterclaim

Prowley contends that I should deny Defendants' request for leave to file an amended answer with counterclaim, because she will be "severely prejudiced." However, Prowley cannot assert prejudice, because she has been on notice of the claims against her for recovery of unpaid monies owed by Prowley on her student loans for over five years, since December 2004 when Hemar filed

its complaint in Bronx Supreme Court.  See FED. R. CIV. P. 15(a)(2).  The counterclaim Defendants seek to add against Prowley is for the same relief requested in the state court action.

Therefore, Prowley would suffer no prejudice at all, let alone undue prejudice, should I grant Defendants' leave to amend their answer to add a counterclaim.  Prowley may timely answer Defendants' counterclaim and include any applicable affirmative defenses.  Moreover, it would save judicial resources for the entire controversy to be adjudicated in this action. Consequently, Defendants' request for leave to file an amended answer with counterclaim is granted.

## C.  Prowley's Motion to Compel Discovery

Prowley seeks to compel a response to certain discovery requests served on Defendants, which include interrogatories, document requests and requests for admission, pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Defendants assert that it was Prowley who allowed this action to lie dormant for years.  As such, Defendants thought Prowley had abandoned the case.

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, et al., Federal Practice and Procedure §

21

2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. FED. R. CIV. P. 37(a)(2)(A).

Here, Prowley has not certified that she made good faith efforts to confer with Defendants to resolve the instant discovery dispute prior to filing her motion to compel. Accordingly, the motion could be denied on this basis alone. See id. However, because I dismissed Counts Three through Seven against Defendants, Prowley's motion to compel discovery with respect to those counts is denied as moot. I order that discovery be tailored to focus on the remaining claims, Counts One and Two of the amended complaint, as well as Defendant's counterclaim. The parties should make a good faith attempt to resolve any new issues with discovery among themselves before seeking judicial intervention.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED as to Counts Three, Four, Five, Six, and Seven; Defendants' request for leave to serve an amended answer with counterclaim is GRANTED; Prowley's request for leave

to serve a second amended complaint is DENIED; and Prowley's

motion to compel discovery is also DENIED.   I order that

discovery be tailored to focus on Count One of the amended

complaint and Defendant's counterclaim.

SO ORDERED.

Dated:      New York, N.Y.
            May 5, 2010

_____
KEVIN THOMAS DUFFY   U.S.D.J.

23